UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-220-RLV
(1:88-cr-95-RLV-DHL-3)
(1:88-cr-103-RLV-DLH-3)

| | | |
|---|---|---|
| ROBERT HANEY, | ) | |
| | ) | |
| Petitioner, | ) | **AMENDED** |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow the Section 2255 petition will be denied as an unauthorized, successive petition.

**I. BACKGROUND**

Sometime in 1988, Petitioner was convicted after a jury trial, along with two co-defendants, of two separate bank robberies while using a firearm, and aiding and abetting those robberies. Petitioner was sentenced to 332 months imprisonment. See United States v. Haney, 914 F.2d 602 (4th Cir. 1990). On October 25, 1990, the Fourth Circuit affirmed Petitioner's conviction and sentence. See id. Petitioner subsequently filed a Section 2255 petition, which was denied by this Court, and the denial was affirmed on appeal to the Fourth Circuit. See United States v. Haney, 25 F.3d 1042 (4th Cir. 1994). On August 1, 2013, Petitioner filed the instant Section 2255 motion, contending that his conviction was unconstitutional under the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

1

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, Petitioner filed a previous motion to vacate the same conviction and sentence that he now seeks to have vacated. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

---

[1] Petitioner would, in any event, have no relief under Alleyne because the Supreme Court has not said that Alleyne is retroactive to cases on collateral review.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 19, 2014

Richard L. Voorhees
United States District Judge